IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:25-CV-00757-KDB-DCK

NGOMANI DEKATTU,

Plaintiff,

v.

MJ TUTTLE, ET AL.,

Defendants.

**MEMORANDUM AND ORDER**

**THIS MATTER** is before the Court on the individual Defendants' Motion to Dismiss (Doc. No. 19) pursuant to Federal Rules of Civil Procedure 12(b)(2), (4), (5), and (6). However, after carefully considering this motion and all the attendant circumstances, the Court will DENY the motion without prejudice and allow Plaintiff a short period of additional time to serve Defendants.

## I. LEGAL STANDARD

Prior to the exercise of personal jurisdiction, a Plaintiff must satisfy the procedural requirement of service of a summons. *Omni Capital Int'l, Ltd.*, 484 U.S. at 104; *see also ESAB Grp., Inc. v. Centricut, Inc.*, 126 F.3d 617, 620 (4th Cir. 1997) ("a federal court's exercise of jurisdiction over a person is closely linked to effective service of process."). "Thus, before a court may exercise personal jurisdiction over a defendant, there must be more than notice to the defendant and a constitutionally sufficient relationship between the defendant and the forum. There also must be a basis for the defendant's amenability to service of summons." *Id.*

Absent waiver of service of process or consent, the failure to obtain proper service of process–even if the defendant gains actual notice–deprives the court of personal jurisdiction over

1

a defendant. *See, e.g., Koehler v. Dodwell*, 152 F.3d 304, 306 (4th Cir. 1998); *FDIC v. Schaffer*, 731 F.2d 1134, 1135–36 (4th Cir. 1984); *Thomas & Howard Co. v. Trimark Catastrophe Servs.*, 564 S.E.2d 569, 572 (2002) ("While a defective service of process may give the defending party sufficient and actual notice of the proceedings, such actual notice does not give the court jurisdiction over the party.").

A motion to dismiss under Rule 12(b)(4) challenges the sufficiency or form of the process itself, while a motion to dismiss under Rule 12(b)(5) challenges the sufficiency of the act of service of process. *See* Fed. R. Civ. P. 12(b)(4), (b)(5). In essence, a Rule 12(b)(4) motion to dismiss objects to a defect in the content of the documents served, while a Rule 12(b)(5) motion to dismiss objects to a defect in the act (or lack) of delivery. *See, e.g.*, 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1353 (3d ed. 2004).

Once the sufficiency of process or service of process is challenged by a motion to dismiss, Plaintiff bears the burden of establishing process was sufficient and service of process was effectuated in accordance with Rule 4 of the Federal Rules of Civil Procedure. *Scott v. Md. State Dep't of Labor*, 673 F. App'x 299, 304 (4th Cir. 2016) (*per curiam*) (internal citation omitted); *Elkins v. Broome*, 213 F.R.D. 273, 276 (M.D.N.C. 2003).

However, "under [Fed. R. Civ. P.] Rule 4(m), a district court possesses discretion to grant [a] plaintiff an extension of time to serve a defendant with the complaint and summons even absent a showing of good cause by the plaintiff for failing to serve the defendant during the 90-day period provided by the Rule." *Gelin v. Shuman*, 35 F.4th 212, 219–20 (4th Cir. 2022). *See also Harris v. S. Charlotte Pre-Owned Auto Warehouse, LLC*, No. 3:14-CV-00307-MOC, 2015 WL 1893839, at *5 (W.D.N.C. Apr. 27, 2015) (citing *Choice Hotels Int'l, Inc. v. Goodwin & Boone*, 11 F.3d 469, 472 (4th Cir. 1993)) ("Federal courts are here to resolve cases on the merits, to avoid procedural

defaults whenever possible, and to issue the sanction of dismissal only in extreme cases of plaintiff misconduct.").

## II. FACTS AND PROCEDURAL HISTORY

Plaintiff filed this action on July 3, 2025, in the General Court of Justice, Superior Court Division, for Mecklenburg County, North Carolina. The Complaint alleges several federal and state causes of action related to an alleged battery and racial / disability discrimination in his employment. A civil summons was issued by Deputy Clerk of Superior Court Alexis Harper on July 8, 2025. (Doc. No. 1-1, p. 6). Plaintiff later filed an Amended Complaint on August 15, 2025. No summons was issued by the Clerk of Superior Court for the Amended Complaint. (*See* Doc. No. 1-1, pp. 4–5). On September 3, 2025, the Summons and Amended Complaint were delivered by certified mail to a student housing address that is one of the locations where Defendants Brooks, Tuttle and Boyd work. (*See* Doc. Nos. 20-1, 20-2, 20-3). None of them signed for the receipt of the certified mail and did not authorize any individual at the location to accept service of process on their behalf. (*Id.*). They have also not otherwise been served with a summons and complaint in this matter. Plaintiff has admitted that he has not served Defendant Pearson with the summons and any version of the complaint. (Doc. No. 20- 4).

On October 3, 2025, Defendant Brooks removed the action to this Court. (Doc. No. 1). Plaintiff filed his Second Amended Complaint on November 10, 2025. (Doc. No. 13). Counsel for Defendant Brooks received a copy of the Second Amended Complaint from Plaintiff in the mail on November 18, 2025. Counsel for Defendants Pearson, Tuttle, and Boyd received a copy of the Second Amended Complaint from Plaintiff in the mail on November 19, 2025. None of the Individual Defendants have been formally served with a copy of the Second Amended Complaint. (See Exhibits 1–3, 5).

On November 25, 2025, Defendants moved to dismiss the claims against them, in part based on their allegation that Plaintiff failed to properly serve them (*See* Doc. No. 20). Plaintiff has responded and the matter is ripe for this Court's review.

### III. DISCUSSION

The Federal Rules of Civil Procedure provide clear direction on service of process. Plaintiff need not (and indeed, should not) wait for the Court to direct him to properly serve defendants. As detailed in Defendants' brief in support of their motion, Plaintiff's attempted service by certified mail to a work address associated with some of the Defendants does not constitute proper service. *See* Doc. No. 20 at 6-12. In the absence of service of process, this Court lacks personal jurisdiction over the Defendants.

While the Court could dismiss the matter based on insufficient service / lack of jurisdiction, it will exercise its discretion to extend the time for service under Rule 4(m). In so doing, the Court is guided by the principle that cases should be resolved on their merits rather than on procedural technicalities, particularly where, as here, Plaintiff is acting *pro se* and attempted service (albeit incorrectly), Defendants have actual notice of the litigation and, notwithstanding the time and effort spent briefing this motion, Defendants will not be prejudiced on the merits by a brief extension. Accordingly, Plaintiff is directed to properly serve Defendants as individuals within twenty-one (21) days of the date of this Order.

## IV. ORDER

**NOW THEREFORE IT IS ORDERED THAT**:

1. Defendants' Motion to Dismiss (Doc. No. 19) is **DENIED** without prejudice; and

2. Plaintiff is directed to effect service on Defendants in their individual capacities and file the required proof of service with the Court within twenty-one (21) days.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: February 21, 2026

Kenneth D. Bell
United States District Judge